IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave., Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES ALGER,

     Plaintiff,

  v.

FLEUR'EVER CO L.L.C.,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.** 26-cv-313

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, AND 54.3; and HEALTH & SAFETY CODE §§ 19953 *et seq.*)**

**DEMAND FOR JURY TRIAL**

Plaintiff JAMES ALGER ("Plaintiff") complains of Defendant FLEUR'EVER CO L.L.C. ("Defendant"), and alleges as follows:

1.     **INTRODUCTION:** Plaintiff is an individual with physical disabilities who relies on a wheelchair or mobility scooter for ambulation. In October 2025, Plaintiff attempted to enter Fleur'ever Boutique, a retail establishment located at Lincoln St between Ocean Avenue and 7th Avenue in Carmel, California (APN 010191001000) ("Fleur'ever Boutique"), owned and/or operated by Defendant. Plaintiff was unable to enter the premises due to an excessively high door threshold that created a physical barrier and rendered the facilities inaccessible to him. As a result, Plaintiff was denied full and equal access to the store and was unable to shop there. Defendant failed to provide accessible facilities, despite the longstanding legal requirement that places of public accommodation be accessible to individuals with physical disabilities.

2.     Accordingly, Plaintiff seeks injunctive relief to require Defendant to make these facilities accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided accessible facilities. Plaintiff also seeks recovery of damages for his discriminatory experience and denial of access and of civil rights, which denial is continuing because of Defendant's failure to provide disabled accessible facilities. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

3.     **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 U.S.C section 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C sections 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related claims arising from the same facts are also brought under California law, including but not limited to violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52, 54, 54.1, and 54.3; and Title 24 California Code of Regulations, the California State Building Code.

4.     **VENUE:** Venue is proper in this Court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's claims arose in this district.

5.    **INTRADISTRICT:** This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

6.    **PARTIES:** Plaintiff is a qualified individual with a physical disability as defined by federal and state statutes. Plaintiff has progressive peripheral neuropathy, a physical impairment that damages the peripheral nerves. The deterioration from this condition advanced rapidly due to a work-related back injury. As a result, he experiences profound and progressive weakness and numbness in his hands, arms, legs, and feet. These physical impairments substantially limit major life activities, including walking and carrying out tasks that require fine motor skills. Because of these limitations, Plaintiff uses a wheelchair or scooter for mobility. He lives in Porter Ranch, California.

7.    Defendant is, and was the owner, operator, lessor and/or lessee of the subject business, property and buildings at all times relevant to this Complaint.

8.    The subject business, Fleur'ever Boutique, is a place of "public accommodation" and "business establishment" subject to the requirements of 42 USC section 12181(7) of the Americans with Disabilities Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq.*.

**FIRST CLAIM:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES**
**(California Health & Safety Code §§ 19955 *et seq.*, Civil Code §§ 54 *et seq.*)**

9.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 8, above, and incorporates them herein by reference as if separately repled hereafter.

10.    Plaintiff and other similarly situated physically disabled persons, including those who require the use of a wheelchair or scooter, are unable to use public facilities on a "full and equal" and meaningful basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959. Plaintiff is a member of that portion of

1    the public whose rights are protected by the provisions of Health & Safety Code sections 19955

2    *et seq.* Further, Plaintiff is also protected against policy and architectural barrier discrimination

3    by California Civil Code sections 54 and 54.1, the "California Disabled Persons Act."

4    "Individuals with disabilities or medical conditions have the same right as the general public to

5    the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical

6    facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public

7    places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full

8    and equal access, as other members of the general public, to accommodations, advantages,

9    facilities, . . . places of public accommodation, amusement, or resort, and other places to which

10    the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA,

11    including, but not limited to, any violation of 42 USC sections 12182 and 12183, is also

12    incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

13         11.    Title 24, California Code of Regulations, formerly known as the California

14    Administrative Code and now also known as the California Building Code, was in effect at the

15    time of each alteration which, on information and belief, occurred at such public facility since

16    January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever

17    each such "alteration, structural repair or addition" was carried out. On information and belief,

18    Defendant and/or its predecessor in interest carried out new construction and/or alterations,

19    structural repairs, and/or additions to such buildings and facilities during the period Title 24 has

20    been in effect. Further, Plaintiff alleges, on information and belief, that construction, alterations,

21    structural repairs, and/or additions which triggered access requirements at all relevant portions of

22    Fleur'ever Boutique, also occurred between July 1, 1970, and December 31, 1981, and required

23    access pursuant to the A.S.A. (American Standards Association) Regulations then in effect,

24    pursuant to the incorporated provisions of California Government Code sections 4450 *et seq.*

25    Further, on information and belief, additions to the building after the initial construction also

26    occurred after January 1, 1972, triggering access requirements per Health and Safety Code

27    section 19959, and as to alterations or additions after January 26, 1993, triggering ADA liability

and requirements per 42 USC sections 12182 and 12183 of the ADA.

12.     **FACTUAL STATEMENT:** During a multi-day visit to the Monterey and Carmel area in October 2025, Plaintiff spent part of the afternoon exploring downtown Carmel after visiting the Monterey Bay Aquarium earlier in the day. Plaintiff was enjoying the weather and looking through the shops along Ocean Avenue for potential holiday gifts for family and friends. Fleur'ever Boutique caught his attention with its elegant white sign and stylish display windows filled with decorative items and small trinkets. From the outside, it looked like the kind of place that might have unique jewelry, candles, and other thoughtful gifts that would make for interesting finds.

13.     When he approached the entrance, however, Plaintiff encountered a barrier that made it impossible to enter. A raised threshold of about two inches created a step up from the sidewalk into the store. This architectural barrier, while it might seem minor, was enough to prevent Plaintiff's motorized scooter from crossing safely into the doorway.[1] There was no portable ramp available, nor any visible alternate entrance or signage indicating assistance could be provided. The moment Plaintiff realized he could not get inside was frustrating. What should have been a simple, spontaneous stop to browse for gifts instead became another reminder of how many shops in Carmel remain physically off limits to wheelchair and scooter users.

14.     Plaintiff genuinely enjoys visiting Carmel. He travels to the area several times a year, most often tied to his Monterey Bay Aquarium membership, and he frequently spends time exploring nearby shops and restaurants while in the area. Fleur'ever Boutique looked like exactly the kind of store he would enjoy visiting, and he would like to return in the future once the store is made accessible to him so that he can fully experience what the store has to offer.

15.     Plaintiff is deterred from returning until the subject store is made accessible to him.

---

[1] As the California Attorney General noted in a letter dated August 3, 2003, "While a violation may be minor in the eye of a business owner, the violation may not be minor to a person with a disability."

16.     Before filing this lawsuit, Plaintiff's counsel engaged an inspector to conduct a sub-rosa inspection of the subject premises. Based on that inspection, he confirmed the presence of the barrier encountered by Plaintiff and identified the following additional barriers to access related to Plaintiff's disability: 1) The transaction counter exceeds 36 inches in height and there is no lower transaction counter; and 2) the interior path of travel is less than 36 inches in width with some parts as narrow as 28 inches.

17.     The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's counsel's access expert. All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers that Plaintiff may encounter when he returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

18.     Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law.

19.     **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled, including but not limited to wheelchair and scooter users, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires mobility aids.

20.     Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continue, to achieve equal access to

and use of these public facilities. Therefore, Plaintiff cannot return to patronize Fleur'ever Boutique and its facilities and is deterred from further meaningful and enjoyable patronage until these facilities are made properly accessible for disabled persons.

21.    The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that Plaintiff has personally encountered, and, as to all areas identified during this litigation by Plaintiff's counsel's access consultant, that Plaintiff or other similarly disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F.3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).

22.    Wherefore, Plaintiff requests that this Court preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Health & Safety Code section 19953, and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

23.    **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to their damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated. Defendant's actions and omissions constitute discrimination against Plaintiff on the basis that he is and was physically disabled and unable, because of the

architectural, policy and other barriers created and/or maintained by Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. The violations have deterred Plaintiff from returning to attempt to patronize Fleur'ever Boutique and will continue to cause him damages so long as these barriers to access continue to be present, according to proof.

24.    At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its barriers and practices at the subject facilities violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other physically disabled persons, but Defendant has failed to rectify the violations, and presently continues a course of conduct of maintaining architectural and policy barriers that discriminate against Plaintiff and similarly situated disabled persons.

25.    **FEES AND COSTS:** As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute in order to enforce his rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and California Health & Safety Code section 19953. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**SECOND CLAIM:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)**

**Against all Defendants and each of them**

26.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the

factual allegations contained in Paragraphs 1 through 25 of this Complaint and incorporates them herein as if separately re-pleaded.

27.    At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

28.    California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

29.    Defendant's discriminatory acts or omissions constitute a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

30.    Any violation of the Americans with Disabilities Act of 1990 (as pled in the third cause of action) constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

31.    The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the

meaning of California Civil Code sections 51 and 52. As a proximate result of Defendant's actions and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and is responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

32.    **FEES AND COSTS:**  As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

### THIRD CLAIM:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §§ 12101 *et seq.*

### Against all Defendants and each of them

33.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 32 of this Complaint and incorporates them herein as if separately re-pleaded.

34.    In 1990, the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities

are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

35.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

36.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

37.    As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to sales establishments.  42 U.S.C § 12181(7)(E).

38.    The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific

prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq.*

39.    The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, was at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

40.    The barriers identified herein are precisely the types of conditions that the ADA requires public accommodations to remove when doing so is readily achievable. The U.S. Department of Justice, which is charged with enforcing Title III of the ADA, has identified measures such as installing ramps, and rearranging shelves and displays as pragmatic examples of readily achievable barrier removal. Each of the barriers alleged here can be remedied through simple, low-cost measures that are widely available and require no alteration to the building's load-bearing elements or business operations.

41.    The costs associated with these corrective measures are minimal and are not outweighed by the benefits of remediation. The barriers at issue do not merely inconvenience disabled patrons; the excessive door threshold completely excludes wheelchair and scooter users, including Plaintiff, from entering the store, browsing merchandise, and completing transactions. Eliminating a total denial of access yields substantial and concrete benefits that go to the core civil rights protected by the ADA, while the expense of threshold ramps, counter modifications, or interior rearrangement is modest and one-time in nature. Moreover, these same conditions have long been regulated under California access laws, further reinforcing that compliance is neither novel nor unduly burdensome.

42.    Even if permanent removal of any particular barrier was found not to be readily achievable, the ADA does not permit a public accommodation to do nothing. Federal law requires that, in such circumstances, the business must still provide its goods and services through alternative methods that are readily achievable. Here, readily achievable alternatives were available, including the provision of a portable ramp to overcome the entrance threshold and the installation of a buzzer or call button to summon staff assistance. Defendant's failure to implement either permanent barrier removal or obvious alternative access measures constitutes an independent violation of the ADA and continues to deny Plaintiff full and equal access to the subject premises.

43.    On information and belief, as of the date of Plaintiff's encounter at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have

denied and continue to deny full and equal access to Plaintiff and to other mobility disabled

persons in other respects, which violate Plaintiff's right to full and equal access and which

discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff

the full and equal enjoyment of the goods, services, facilities, privileges, advantages and

accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

44.     Defendant's actions continue to deny Plaintiff's right to full and equal access by

deterring him from patronizing Fleur'ever Boutique and has discriminated and continues to

discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the

full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and

accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

45.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,*

Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights

Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis

of his disabilities in violation of sections 12182 and 12183 of this title. On information and

belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other

disabled persons to "full and equal" access to this public accommodation since on or before

Plaintiff's encounter. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief
> shall include an order to alter facilities to make such facilities readily accessible to
> and usable by individuals with disabilities to the extent required by this title.  Where
> appropriate, injunctive relief shall also include requiring the provision of an
> auxiliary aid or service, modification of a policy, or provision of alternative
> methods, to the extent required by this title.

46.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil

Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to

implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person

for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the

basis of disability in violation of Title III and who has reasonable grounds for believing he will

1  be subjected to such discrimination each time that he may use or attempt to use the property and

2  premises, or attempt to patronize Fleur'ever Boutique, in light of Defendant's policies and

3  physical premises barriers.

4          WHEREFORE, Plaintiff requests relief as outlined below.

5                                   **PRAYER**

6          Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this

7  Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

8  unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless

9  Plaintiff is granted the relief he requests.  Plaintiff and Defendant have an actual controversy and

10  opposing legal positions as to Defendant's violations of the laws of the United States and the

11  State of California. The need for relief is critical because the rights at issue are paramount under

12  the laws of the United States and the State of California.

13          WHEREFORE, Plaintiff JAMES ALGER prays for judgment and the following specific

14  relief against Defendant:

15          1.      Issue a preliminary and permanent injunction directing Defendant as current

16  owner, operator, lessor, and/or lessee of the subject property and premises to modify the above

17  described property, premises, policies and related facilities to provide full and equal access to all

18  persons, including persons with physical disabilities; and issue a preliminary and permanent

19  injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide

20  facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide

21  full and equal access, as required by law, and to maintain such accessible facilities once they are

22  provided; to cease any discriminatory policies, and to train Defendant's employees and agents in

23  how to recognize disabled persons and accommodate their rights and needs;

24          2.      Retain jurisdiction over Defendant until such time as the Court is satisfied that

25  Defendant's unlawful policies, practices, acts and omissions, and maintenance of physically

26  inaccessible public facilities and policies as complained of herein no longer occur, and cannot

27  recur;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3.    Award to Plaintiff all appropriate damages, including but not limited to statutory damages, in amounts within the jurisdiction of the Court, all according to proof;

4.    Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.    Award prejudgment interest pursuant to Civil Code section 3291; and

6.    Grant such other and further relief as this Court may deem just and proper.

Date: January 12, 2026                         ALLACCESS LAW GROUP


                                               ___/s/ Irakli Karbelashvili___
                                               By IRAKLI KARBELASHVILI, Esq.
                                               Attorney for Plaintiff
                                               JAMES ALGER

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.


Date: January 12, 2026                         ALLACCESS LAW GROUP


                                               ___/s/ Irakli Karbelashvili___
                                               By IRAKLI KARBELASHVILI, Esq.
                                               Attorney for Plaintiff
                                               JAMES ALGER